**John V. TIPPMANN, Sr.,**
**Appellant–Plaintiff,**

v.

**STOUTLAND ASSOCIATES,**
**Appellee–Defendant.**

**No. 49A02–9204–CV–168.**

Court of Appeals of Indiana,
Third District.

June 30, 1992.

Craig D. Doyle, Michele J. Calderon, Klineman, Rose, Wolf & Wallack, Indianapolis, William D. Swift, Hayes, Swift & Finlayson, Fort Wayne, for appellant-plaintiff.

Marvin Mitchell, Michael T. McNelis, Mitchell, Hurst, Jacobs & Dick, Indianapolis, for appellee-defendant.

HOFFMAN, Judge.

Appellant-plaintiff John V. Tippmann, Sr. appeals the trial court's order denying his request for a preliminary injunction.

The facts relevant to this appeal disclose that prior to 1982, C.W. Jackson and Marguerite L. Jackson (collectively Jackson) had built the 26 buildings in Stout Field Industrial Park, Indianapolis, Indiana. In March of 1982, Jackson sold Building # 1 in Stout Field to Tippmann's predecessor, Tippmann & Associates. Stoutland Associates (Stoutland) purchased Building # 20 in Stout Field from Jackson in June 1982.

There is a 25-foot wide easement for ingress and egress along the westerly side of Building # 20 and the easterly side of Building # 1. The center line of the easement is the boundary line between the two properties.

On November 27, 1991, Tippmann filed a complaint for declaratory judgment and damages to enjoin interference with right-of-way, request for temporary restraining order and other equitable relief. Tippmann alleged that a prescriptive easement existed on approximately 20 feet located on the property of Building # 20. This prescriptive easement adjoined the east side of the 25–foot express easement used for ingress and egress. Tippmann was using this additional 20 feet for his semi-tractor trailers to access the loading docks at his Building # 1. However, Stoutman had placed bollards on his property so that the trucks could not use this additional 20 feet to enter and exit the loading docks of Building # 1.

A temporary restraining order was granted on November 27, 1991. A hearing on this matter was set for December 12, 1991.

On December 10, 1991, Tippmann filed an amended complaint which added a count pertaining to Tippmann's right to use the property in question by virtue of an implied easement.

After a hearing on this matter, the trial court denied Tippmann's request for a preliminary injunction and ordered the temporary restraining order dissolved. The trial court made special findings of fact in refusing the preliminary injunction as required by Ind.Trial Rule 52(A).

One issue is dispositive of this appeal: whether an implied easement arose at the time of the severing conveyance in 1982.

Tippmann filed an interlocutory appeal as allowed by Ind.App.Rule 4(B)(3).[1] This Court will not set aside the trial court's findings or judgment unless clearly erroneous and shall give due regard to the opportunity of the trial court to judge the credibility of the witnesses. T.R. 52(A). Only that evidence which supports the trial court's findings, conclusions, and order will be considered. *Wells v. Auberry* (1982), Ind.App., 429 N.E.2d 679, 682.

It was necessary for Tippmann to demonstrate the following elements to support a grant of a preliminary injunction:

"(1) whether the plaintiff's remedies at law are inadequate thus causing irreparable harm pending the resolution of the substantive action if the injunction does

---

1. Tippmann does not appeal the trial court's finding that a prescriptive easement was not present. Instead, Tippmann focuses on whether an implied easement exists.

not issue; (2) whether the plaintiff has demonstrated at least a reasonable likelihood of success at trial by establishing a prima facie case; (3) whether the threatened injury to the plaintiff outweighs the threatened harm the grant of the injunction may inflict on the defendant; (4) whether, by the granting of the preliminary injunction, the public interest would be disserved."

*College Life Ins. Co. of America v. Austin* (1984), Ind.App., 466 N.E.2d 738, 741–42. Tippmann failed to establish a prima facie case.

■■■ "An easement implied by necessity arises simultaneous with the severing conveyance (the division of the larger tract into separate parcels) and 'because of the *circumstances then existing, i.e.* inaccessibility.' [Citation omitted.]" *Hvidston v. Eastridge, et al.,* (1992) Ind.App., 591 N.E.2d 566. In other words, an implied easement may not arise from circumstances occurring subsequent to the conveyance. *Id.; see also Krueger v. Beecham* (1945), 116 Ind.App. 89, 61 N.E.2d 65. Therefore, it was necessary for Tippmann to show that during unity of title (during Jackson's ownership), Jackson had imposed an apparently permanent and obvious servitude on the property which is now Building # 20 in favor of the property which is now Building # 1, and that this servitude was in use when the parts were severed. In determining whether a permanent easement existed at the time of severance, it is permissible to look at the intendment of the parties at the time of severance. *Fischer v. Revett* (1982), Ind.App., 438 N.E.2d 995, 998.

■ Mr. Jackson testified that in 1982 when he sold Building # 1 to Tippmann, he did not have "any problem" with trucks entering onto the disputed area (the additional 20 feet on the property of Building # 20 which adjoins the 25–foot express easement). In fact, he stated that he had never observed any regular encroachments onto this disputed area prior to 1982. Jackson believed that Tippmann's changes to the dock area of Building # 1 had caused the problems. Before Tippmann made changes, Jackson explained that a driver could turn a truck from its parked position onto the express easement "easily"; "[t]here was no reason to cross the easement." However, after Tippmann remodeled, the docks were "bunched" so that a driver would have to pull forward approximately 60 feet before a turn could be started. In 1982, when the property was divided and sold, Jackson did not "see any need" for an easement on the property of Building # 20.

Clearly this evidence demonstrates that an easement was not in existence on the property of Building # 20 in 1982 when Jackson sold parcels of his real estate. This evidence supports the trial court's finding that Tippmann was not given an implied easement on the property of Building # 20 in 1982.

Tippmann points to the testimony of two witnesses who testified that this disputed area was used prior to 1982 by trucks entering and exiting Building # 1. However, the owner of the property during unity of title is in the best position to explain whether an easement existed at severance. Furthermore, as stated in this Court's standard of review, the trial court was in the best position to determine the credibility of the witnesses. Additionally, on cross-examination, both witnesses testified to having close connections with Tippmann.

The trial court properly denied Tippmann's request for a preliminary injunction.

Affirmed.

GARRARD and STATON, JJ., concur.